PATRICK KILLORIN *et al.*, plaintiffs in error, *vs.* DeWitt C. BACON, defendant in error.

1. Where there are but two witnesses to a transaction and their evidence is irreconcilable, the jury must determine, from all the circumstances connected therewith, which is entitled to the most credit and return their verdict accordingly.
2. Where a creditor holds two claims against a debtor, and a payment is made without direction as to its application, and the creditor makes no appropriation thereof, the law will direct the application in such manner as is reasonable and equitable both as to parties and third persons. Generally the oldest lien and the oldest item in an account will be first paid, but the law is not so imperative as to authorize the jury to be directed to apply the payment to the oldest claim.

    JACKSON, Judge, concurred on special grounds.

Evidence. Appropriation of payments. Debtor and creditor. Before Judge TOMPKINS. Chatham Superior Court. February Term, 1876.

Reported in the decision.

WEST & CUNNINGHAM, for plaintiffs in error.

R. E. LESTER; T. R. RAVANEL, for defendant.

WARNER, Chief Justice.

It appears from the record and bill of exceptions in this case, that Bacon sued the defendants in a justice's court, on a draft for $82 50, drawn by Killorin and accepted by Hogg. The justice gave judgment for the plaintiff for the amount of the draft, and the defendants appealed to the superior court. On the appeal trial the jury, under the charge of the court, found a verdict for the plaintiff. A motion was made for a new trial on the several grounds therein set forth, which was overruled by the court, and the defendants excepted.

It appears from the evidence in the record, that Bacon held a note on Killorin for $400 00, of older date than the draft; that one day the parties met in the street, when Killorin handed Bacon an order for $100 00, and told him, as he testi-

fied at the trial, to credit it on the draft now sued on, which Bacon did not do, but credited it on the $400 00 note. Bacon also testified at the trial, that when Killorin handed him the order in the street, that he said he had an order for $100 of Collins, " which I will give you on my note if you will take it, and will pay the balance along." Witness took the order, credited it on the note, and collected it. Killorin told him to credit the order on the note.

The court charged the jury, amongst other things: "That if they were unable to reconcile the conflicting statements of the plaintiff and Killorin, and were unable to make up their minds which was correct in his statement, that they must find for the plaintiff; that if the $400 00 note was the oldest debt due to Bacon from Killorin, the law will direct the payment of the $100 00 order of Collins to be credited on that note, and they must find for the plaintiff."

1. In view of the evidence in the record, this charge of the court was error. The charge of the court assumed the law to be, that if the evidence of the two witnesses sworn on the trial, was so conflicting that they were unable to make up their minds which had made the correct statement in relation to the main question in controversy between them, that they must find a verdict for the plaintiff. We do not so understand the law as applicable to the evidence in this case. The law devolved the duty on the jury to have reconciled the conflicting evidence of the two witnesses, if possible, without imputing perjury or bad motives to either of them, but if their testimony was irreconcilable, then they must determine, from all the circumstances connected with the transaction about which they testified, who was entitled to the most credit, and have found their verdict accordingly, and so the court should have charged the jury. The charge of the court relieved the jury from the performance of a duty which the law devolved upon them.

2. The court also erred in charging the jury, " that if the $400 00 note was the oldest debt due to Bacon from Killorin, the law will direct the payment of the $100 00 order of

Collins to be credited on that note, and they must find for the plaintiff." By the 2869th section of the Code, where a payment is made by a debtor to a creditor holding several demands against him, the debtor has the right to direct the claim to which it shall be appropriated. If he fails to do so, the creditor has the right, at his election, to appropriate it. If neither exercises this privilege, the law will direct the application in such manner as is reasonable and equitable both as to parties and third persons. As a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties. Thus it will be perceived that the law did not direct, as the court charged, that the Collins order *should* be credited on the $400 00 note, and therefore the jury *must* find for the plaintiff. The law directed the application of the payment of the order (upon the hypothesis that neither party had directed its appropriation) in such manner as the jury, under the facts of the case, might have considered reasonable and equitable both as to the parties, Bacon and Killorin, and Hogg, the acceptor of the draft, in view of the general rule of law applicable thereto.

Let the judgment of the court below be reversed.

JACKSON, Judge, concurring.

I concur in the judgment of reversal solely because the court said to the jury that if they could not decide between the two witnesses in this case *the law would apply the payment to the oldest debt;* he should have told them that in such a case "the law will direct the application in such manner as is reasonable and equitable, both as to parties and third persons," and that, "as a general rule, the oldest lien and the oldest item in an account will be first paid, the presumption of law being that such would be the fair intention of the parties." In this case a security or accommodation indorser may have been interested, and therefore the jury might have found that it was more reasonable and equitable not to apply it to the oldest debt: See Code, section 2869. I do not concur in

the opinion that the court should have forced the jury to find one way or the other on the question of how the parties directed the application of the payment to be made when one swore one way and the other another, both being equally entitled to credit, and no other fact or circumstance in the case turning the scale. In such a case, I think, as the verdict of a jury under our practice is general, and not special—for the plaintiff or for the defendant—that it was the duty of the court to tell the jury that if they could not decide between the two witnesses, then the law applied the payment to that debt which was more reasonably and equitably entitled to it, in looking at all the circumstances affecting not only the parties but third persons; and that if they saw nothing in the case to satisfy them that it would be more equitable to apply the payment to the younger debt, then it should be applied to the older, as the presumption of law is that, in the absence of some controlling equitable fact, it was the intention of the parties to pay the oldest debt first. I think the court below erred, not in telling the jury that if they could not decide between the two witnesses, that is, if they could not find the fact that the parties had directed the application of the payment and how it was to be applied, then the law directed its application, but in telling them that the law directed it to go then to the oldest debt without regard to any equities which might control the general rule, thus disregarding or not noticing the statute: Code, section 2869. This was a plea of payment; it devolved on the defendant to prove he paid it, if at all, by directing this money to go on this draft sued on; he swore he did so direct, the other party swore he did not; if the jury could not decide btween them, that is, if they could not find that the direction was given, then, of course, the law directed to what debt it should go; that law should control the verdict, and the court should tell the jury what that law was. It will be remembered that this court, at the last term, held that under our system a verdict was made up of law as well as of fact.

I cannot agree with a majority of the court that the jury

must decide between two opposing witnesses, or there can be no verdict; and mistrial after mistrial thus ensue, absolutely stopping the wheels of justice. On the contrary, I think, in such a case, the law will be applied by that logic which in the case last cited, it is said was also an ingredient of a verdict, to the remaining undisputed facts, and the verdict will be according to its mandate. What is not proven does not exist in law, and the oath of one witness, contradicted by that of another equally respectable, with no circumstance to turn the scale, proves nothing, and the fact alleged does not exist, and the jury should find without regarding it, and the court should fully instruct them what the law required them to do under such circumstances.